Elgio Limeta
1305 Leafwood Drive #2
Novato CA 94954
510-879-4634



**FILED**

OCT 08 2024

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES COURT
DISTRICT OF NORTHERN CALIFORNIA

Case No.: **CV24 7047** **TLT.**

| | |
|---|---|
| ELGIO LIMETA<br>Plaintiff,<br><br>vs.<br><br>MARIN COUNTY SHERIFFS'<br>DEPARTMENT, MICHAEL THOMPSON,<br>COUNTY OF MARIN,<br><br>Defendant | COMPLAINT FOR VIOLATION 42 USC §<br>1983 FOURTEENTH AMENDMENT<br><br>FILED CONCURRENTLY WITH EX-<br>PARTE MOTION FOR TRO AND<br>PRELIMINARY INJUNCTION |

**CASE IN A NUTSHELL**

Plaintiff Elgio Limeta faces grave, irreparable danger. Deputy Thompson of the Marin County

Sheriffs Department has posted his home for the past two years for destruction this coming

Thursday, October 10th 2024. Plaintiff will be made destitute with no place to lay his head, store

food and water, and will have to wander the streets.

However, Mr. Limeta's circumstances are peculiar. Of the dozens of People living on Binford

Road – and encampment in unincorporated Marin County – he is the only person who will be

evicted on October 10th. Everyone else can stay as they have for many years. Mr. Limeta and his

neighbors are part of a program that has allowed to live in his current location for the last two years. Under the Binford Road Encampment Resolution Fund Grant "ERF" people long term residents of Binford Road are suppose to remain in place on Binford Road until August 2026 and exit the encampment into permanent housing. Residents are not suppose to be abruptly evicted into destitution.

Deputy Thompson's unilateral decision to abruptly evict Mr. Limeta, two years after Mr. Limeta's arrival to Binford road and two years before the expiration of the ERF grant deadline is inexplicable. This court can intervene by apply the Fourteenth Amendment to assist Mr. Limeta to stay in place and get into the housing that has been proffered by the County of Marin, and prevent an abuse of discretion by Deputy Michael Thompson.

**PARTIES**

**PLAINTIFF Elgio Limeta**
1305 Leafwood Drive #2
Novato CA 94954
510-879-4634

**DEFENDANT Marin County Sheriff's Department**
1600 Los Gamos Dr #200, San Rafael, CA 94903

Counsel for Defendant

County Counsel, County of Marin
Brian Washington
<bwashington@marincounty.org>
3501 Civic Center Drive
Room 275
San Rafael CA 94903

**DEFENDANT Sheriff Deputy Michael Thompson**
1600 Los Gamos Dr #200, San Rafael, CA 94903County of Marin

Counsel for Defendant

County Counsel, County of Marin
Brian Washington
<bwashington@marincounty.org>
3501 Civic Center Drive
Room 275
San Rafael CA 94903

**DEFENDANT County of Marin**
3501 Civic Center Drive, San Rafael CA 94903

Counsel for Defendant

County Counsel, County of Marin
Brian Washington
<bwashington@marincounty.org>
3501 Civic Center Drive
Room 275
San Rafael CA 94903

## JURISIDICTION AND VENUE

This Court has original federal question jurisdiction over this lawsuit under 42 USC § 1983.

## STATEMENT OF FACTS

Binford Road is home to one of the largest communities of unhoused people in California. The County of Marin has contracted with the State of California to implement and Encampment Resolution Fund "ERF" Grant on Binford Road. The policy adopted by the County of Marin, as memorialized on December 12th, 2023, staff report, is to get everyone on Binford Road housed by August 2026, and half of all residents housed by August 2025. The grant is governed by

California Health & Safety Code § 50251. The goal is to ultimately close the Binford Road encampment in a way that ends residents' homelessness. While people are getting housed, new arrivals are being turned away from Binford Road as required under the grant, and at law under the laws that govern the ERF program (See California Health & Safety Code § 50251(a).

Plaintiff Elgio Limeta has lived on Binford Road for the past two years in a small structure he has made for himself. He has been in the same spot the entire time. He has closely worked with the County of Marin's housing services and is enrolled in the County's Coordinated Entry Program as well as the Binford ERF 2 Grant. Plaintiff meets regularly with his designated outreach worker, Mia Murphy, who is contracted by the County of Marin to provide housing services to people living on Binford Road.

Mr. Limeta keeps his site clean; his campsite is set back as far from the road as possible. He's focused on getting housing and has been patiently going through the steps with his outreach worker. Without any warning, on September 25th, 2024, he was given a notice vacate his home by Deputy Michael Thompson by October 10th or face criminal prosecution for obstructing the roadway. Even though Mr. Limeta's dwelling is set back farther from the road by several feet compared to his neighbors, he is the only person who is being evicted.

**Deputy Thompson** informed Plaintiff that, his eviction had nothing to do with blocking the roadway as stated in the notice- it was because Mr. Limeta lives in a self-constructed dwelling instead of a vehicle. Everyone in vehicles can stay, but not Plaintiff. Deputy Thompson said if Mr. Limeta got a vehicle, he could remain on Binford Road.

Unfortunately, Mr. Limeta cannot afford a vehicle – especially given two weeks' notice. He faces abrupt, catastrophic danger that will result from losing his only shelter. He will lose his benefits under the Binford Road ERF 2 program, which may result in him terminally losing access to housing services and will greatly exacerbate the peril and length of his homelessness.

**FIRST CAUSE OF ACTION – 42 USC § 1983 Fourteenth Amendment Procedural Due Process (Against All Defendants)**

Plaintiff reincorporates the preceding paragraphs as if fully set forth herein.

Based on information and belief, Plaintiff alleges that he has lived at Binford Road for the last two years, and lived on Binford Road at the time that the County of Marin was awarded millions of dollars an Encampment Resolution Fund "ERF" Grant by the State of California.

The County of Marin and State of California entered a binding a contract that was subject California Health & Safety Code § 50251. The intended beneficiaries of the grant were the then residents of Binford Road, and for no other unhoused persons under HSC § 50251(a).

The ERF Grant established programs that Plaintiff became a beneficiary of, and he was identified as a beneficiary of the funds of the ERF Grant for Binford Road by the County of Marin and was identified as a program beneficiary within the County of Marin Health Management Information System "HMIS". This designation gave Plaintiff special privileges and

benefits, including a specialized services from the Downtown Streets Team "DST", and Plaintiff was and is served as a program participant with the objective of getting Plaintiff into permanent housing.

As a program beneficiary, Plaintiff enjoys privileges and benefits of the ERF Grant, including access to portable bathrooms, a modest space to live by Binford Road, tailored case and outreach work from the DST, such as from Mia Murphy. These benefits are specific to Plaintiff and other beneficiaries of the ERF grant.

Plaintiff has resided on Binford Road for almost the past two years, cooperatively receiving services from the County of Marin and working closely with DST outreach worker Mia Murphy and **Deputy Michael Thompson**. During that time, **Deputy Michael Thompson**, DST worker Mia Murphy, and Plaintiff had each other's phone numbers and would text each other.

Inexplicably, on September 25th Deputy **Michael Thompson** posted a notice informing Plaintiff that he would be evicted from Binford Road on October 10th. **Deputy Thompson** informed Plaintiff that he would be able to stay on Binford Road if he was able to get a vehicle to live in to replace his self-constructed home. Plaintiff, however, is homeless and indigent and cannot afford to replace his little house.

Plaintiff was and is not informed that his continued access to the benefits of Binford Road would require him to get a vehicle. This condition was never set onto Plaintiff, and Plaintiff is now only being given two weeks to comply with a new rule.

Based on information and belief, is the only beneficiary of the ERF Grant who is being evicted on October 10th, and that he is being specially deprived of the benefits of the program.

Plaintiff has not been provided a hearing to dispute the decision or appeal the decision to eject him from Binford Road to a neutral third party.

Plaintiff will irreparably lose benefits from the ERF Grant, such as access to having a space to keep his belongings and necessities of survival, his access a bathroom, access to outreach and casework that is designed to get him into unhoused under California Health & Safety Code § 50251, and access to trash pick-up services.

Based on information and belief, Deputy Thompson is the *de facto* executive decision maker for policy decisions of Binford Road **County of Marin** and **Marin County Sheriff's Department**, and his decision to evict Plaintiff from Binford Road constitutes the custom of both **County of Marin** and **Marin County Sheriff's Department** to defer to the relatively unsupervised discretion of **Deputy Thompson.**

**SECOND CAUSE OF ACTION – 42 USC § 1983 Fourteenth Amendment Substantive Due Process**

Plaintiff reincorporates the preceding paragraphs as if fully set forth herein.

Plaintiff further alleges that defendants posted notice to evict Plaintiff is defective because the use of the Code Sections violate substantive due process.

**Deputy Michael Thompson** seeks to evict Plaintiff under the legal pretext of Marin Municipal Codes 6.72.010., 6.72.020 (c), 13.13.030, 13.13.230, 13.13.240. However as applied to Plaintiff, the use of these code sections is void for vagueness.

6.72.010 - Scope. The provisions of this chapter shall apply on all public property located within the county, except county parks, subject to Chapter 10.06, and shall include roads, sidewalks, curbs, road rights-of-way, flood control channels, and fire trails.

6.72.010 hold that "It is unlawful for any person to do any of the following on public property within the scope of Section 6.72.010. (a)Public property. Willfully mark, deface, disfigure, injure, displace, or remove, any railing, bench, paving, paving material, water line, signs, notices, or placards (whether temporary or permanent), monuments, stakes, posts, or other boundary markers, wall or rock border, structures, equipment, facilities, or public property of any kind;(b) Natural resources. Remove sand, soil, rock, stones, trees, shrubs, or plants;(c) Erection of structures. Construct or erect any building or structure of whatever kind, whether permanent or temporary in character, any tent, fly or windbreak, or run or string any rope, cord, or wire into, upon, or across any public property without an encroachment permit;(d) Trees, shrubbery, and plants. Damage, cut, carve, burn, or remove any tree or plant or injure the bark or pick the flowers or seeds of any tree or plant;(e) Loitering. Sleep or protractedly lounge on seats, benches, sidewalks, curbs, planters, walls, lawns, or other areas on or adjacent to public property in such a

manner as will impede or block pedestrian traffic on sidewalks and into and out of business establishments and other buildings.

Marin Municipal Code 13.13.230 – holds that "Any person who violates any provision of this chapter shall be guilty of a misdemeanor, unless the violation is charged as an infraction."

Here, Plaintiff is being subject to criminal liability – up to six months in jail – essentially because he is camping. However, there are dozens of other people on Binford Road who *are also living right next to the road.*

Plaintiff was told by Deputy Michael Thompson that he was OK to camp where he is currently camping almost two years ago when Plaintiff first arrived in Binford Road.

Plaintiff and these other residents have been here for years, because the County of Marin has a grant contract with the State of California to close the camp by 2026 by getting people into permanent housing. This Grant Contract is governed by California Health & Safety Code § 50251.

 Plaintiff is essentially being subject to criminal prosecution for his normal,  lawful participation in the State funded program of Binford Road ERF.

Furthermore, Based on information and belief, **Deputy Thompson's** is the *de facto* executive decision maker for policy decisions of Binford Road **County of Marin** and **Marin County**

**Sheriff's Department**, and his decision to evict Plaintiff from Binford Road constitutes the custom of both **County of Marin** and **Marin County Sheriff's Department** to defer to the unsupervised discretion of **Deputy Thompson.**

## THIRD CAUSE OF ACTION – 42 USC § 1983 Fourteenth Amendment State Created Danger Doctrine (Against All Defendants)

Plaintiff reincorporates the preceding paragraphs as if fully set forth herein.

In the current case, **Plaintiff** is going to be evicted by **Deputy Michael Thompson** of his home for the past two years with only two weeks' notice.

Plaintiff will lose his only place where he can store food, water, clothing, and his solar panels he relies on to charge his phone. Losing this will cause him to experience hunger, thirst, hyperthermia, and hypothermia caused by not having survival gear.

He also will be cut off from ways to connect with his outreach worker Mia Murphy to access housing services *id.*

There is no other place that provides comparable storage of survival gear and shelter because the neighboring City of Novato prohibits daytime camping.

Importantly, the Deputy Thompson and the County of Marin are deliberately indifferent to the dangers Plaintiffs face – the County has provided nothing to mitigate these dangers such as alternative shelter.

Furthermore, Based on information and belief, **Deputy Thompson's** is the *de facto* executive decision maker for policy decisions of Binford Road **County of Marin** and **Marin County Sheriff's Department**, and his decision to evict Plaintiff from Binford Road constitutes the custom of both **County of Marin** and **Marin County Sheriff's Department** to defer to the unsupervised discretion of **Deputy Thompson.**

## PRAYER FOR RELIEF

Plaintiff prays for a temporary restraining order, preliminary injunction, and permanent injunction enjoining defendants from violating Plaintiffs rights as pleaded above.

Plaintiff prays this court appoint Plaintiff an attorney for the duration of trial.

## VERIFICATION

**Under Federal Rule of Civil Procedure 11, by signing below, I Elgio Limeta the Plaintiff in this case, certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual**

contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; (4) that I am responsible for all aspects of prosecuting this case because I am unrepresented by an attorney and am proceeding pro se, and (5) I know I can receive limited legal advice on this case from an attorney about this case by contacting the Federal Pro Bono Project at the Justice and Diversity Center of the Bar Association of San Francisco through the intake line at (415) 782-8982 or fedpro@sfbar.org.

/s/ Elgio Limeta

10/7/2024