BRIAN E. WASHINGTON, COUNTY COUNSEL
Jenna Brady, Chief Deputy County Counsel (SBN 233440)
Jacy C. Dardine, Deputy County Counsel (SBN 294294)
OFFICE OF THE COUNTY COUNSEL
COUNTY OF MARIN
3501 Civic Center Drive, Room 275
San Rafael, CA 94903
Tel.: (415) 473-6117
Fax: (415) 473-3796
Email:  jenna.brady@marincounty.gov
Email:  jacy.dardine@marincounty.gov

Attorneys for Defendants
MARIN COUNTY SHERIFF'S OFFICE,
MICHAEL THOMPSON, and
COUNTY OF MARIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| ELGIO LIMETA,<br><br>          Plaintiff,<br><br>     v.<br><br>MARIN COUNTY SHERIFFS' DEPARTMENT, MICHAEL THOMPSON, and COUNTY OF MARIN,<br><br>          Defendants. | Case No.: 24-cv-07047-TLT (AMO)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION [FRCP 12(b)(1)] AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6)]**<br><br>Hearing Date:   January 30, 2025<br>Time:            2:00 p.m.<br>Location:        San Francisco Courthouse<br>                 Courtroom 10 – 19th Floor<br>                 450 Golden Gate Avenue<br>                 San Francisco, CA 94102 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**
Case No.: 24-cv-07047-TLT (AMO)

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 30, 2025, at 2:00 p.m., in Courtroom 10 (19th Floor) of the above-entitled court located at 450 Golden Gate Avenue in San Francisco, California, defendants MARIN COUNTY SHERIFF'S OFFICE (erroneously sued as "MARIN COUNTY SHERIFFS' DEPARTMENT") (hereinafter "Sheriff"), MICHAEL THOMPSON (hereinafter "Deputy Thompson"), and COUNTY OF MARIN (hereinafter "County") (collectively "Defendants") will, and hereby do, move to dismiss the complaint filed by plaintiff ELGIO LIMETA ("Plaintiff") for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6).

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings and papers on file in this action, and any further evidence or oral argument that Court may receive at the hearing.

Dated:  November 6, 2024

OFFICE OF THE COUNTY COUNSEL
COUNTY OF MARIN


By:  /s/  Jacy C. Dardine
　　　Jenna Brady
　　　Jacy C. Dardine
　　　Attorneys for Defendants
　　　MARIN COUNTY SHERIFF'S OFFICE,
　　　MICHAEL THOMPSON, and
　　　COUNTY OF MARIN

DEFENDANTS' MOTION TO DISMISS THE COMPLAINT
Case No.: 24-cv-07047-TLT (AMO)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

For several years, individuals have resided on Binford Road in unincorporated Marin.  Most people live in recreational vehicles parked in the narrow area between the edge of the road and the Rush Creek Wildlife Area.  However, more recently, numerous individuals have arrived at Binford Road and placed tents or erected structures within feet from the roadway creating a safety hazard for residents, motorists, and the public.  To reduce the risk from camping near a busy public road, County posted 15-day notices on five tents and/or structures advising that County would begin enforcing its long-established prohibition on camping on public property and within the road right-of-way on October 10, 2024.

In response, most of the tents located on Binford Road have voluntarily relocated.  Plaintiff initially refused to relocate and instead brought the instant lawsuit and a motion for a temporary restraining order and/or preliminary injunction seeking to prevent County from removing his shelter. This Court denied the restraining order, however, and Plaintiff ultimately agreed to allow County to remove his tent/structure while he moved into a vehicle.  Nevertheless, this lawsuit remains.

As discussed in greater detail below, County respectfully requests this Court dismiss the claims pursuant to Federal Rules of Civil Procedure 12(b)(1) on the grounds that the claims are moot and the Court otherwise lacks subject matter jurisdiction, and Federal Rules of 12(b)(6) because the Complaint does not state a claim upon which relief can be granted.

### II.    FACTUAL BACKGROUND

#### A.    Binford Road Encampment

Binford Road is a narrow two-lane County maintained road with no sidewalks that is surrounded by the bay to the east and commercial buildings to the west.  *See* Thompson Declaration (Dkt. No. 14), at ⁋ 5.  Since the pandemic, the population on Binford Road has grown, with most individuals residing in their recreational vehicles (RV).  *Id.* at ⁋ 3.  It can be dangerous for cars and people walking along the road because of how close the vehicles and personal property are to the road.  *Id.* at ⁋ 5.  Long-term parking is not legally permissible on Binford Road, but the County's focus has been on transitioning people into alternative housing while maintaining safety to the surrounding community.  *Id.* at ⁋ 3.

The goal is to enable housing options for all the current population along Binford Road within

1

two to three years and remove the encampment and vehicles to protect sensitive habitat of the Rush Creek Preserve, which is adjacent to Binford Road. O'Malley Declaration (Dkt. No. 13-1), at ⁋ 6. County has received state grant funding to resolve the encampment. *Id.* at ⁋ 5. To qualify for funding, County must provide how it intends to prevent new arrivals and ensure the encampment on Binford Road is resolved. *See* Cal. Health & Safety Code § 50251(a). As such, County has implemented various policy measures to facilitate the transition into alternative housing and to remove illegally parked vehicles from Binford Road. O'Malley Declaration at ⁋⁋ 5-7. For example, the County's Vehicle Buyback Program provides reimbursement to individuals for their vehicles as they transition into safe housing options. *Id.*

### B.    Encampment Resolution Fund

In 2021, the California legislature created the Encampment Resolution Funding ("ERF") program "to assist cities, counties, and continuums of care in ensuring the safety and wellness of people experiencing homelessness in encampments, to provide encampment resolution grants to resolve critical encampment concerns and transition individuals into safe and stable housing, and to encourage a date-informed, coordinated approach to address encampment concerns." 2021 Cal. Legis. Serv. Ch. 111 (A.B. 140). The law requires the California Interagency Council on Homelessness ("Cal ICH") to administer the ERF program and "provide encampment resolution grants to local jurisdictions." *See* Cal. Health & Safety Code § 50251.

Cal ICH "shall award the moneys appropriated as competitive grants to applicants to be used to support encampment resolution and rehousing efforts for local jurisdictions." *Id.* at § 50252(b). An "applicant" means "a continuum of care or local jurisdiction," *id.* at 50250(c), and a "recipient" means "an applicant that receives grant funds from the council for the purposes of the program," *id.* at 50250(l). Thus, under the ERF program, local governments are the recipients of the grant funding, not individuals.

In accordance with the ERF program requirements, County has utilized grant funding to engage with community partners, including St. Vincent de Paul Society of Marin, Ritter Center, We Hope, and Downtown Streets, Inc., to provide additional outreach to the unhoused community on Binford Road. See O'Malley Declaration (Dkt. No. 13-1), at ⁋⁋ 4-7. County also created an additional full-time Senior Social Service Worker position to coordinate between Health and Human Services and these community

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**
Case No.: 24-cv-07047-TLT (AMO)

partners to address the encampment on Binford Road.  However, the ERF program does not create any new or specific benefit program.

### C.   15-Day Notice of Illegal Structure/Tent in Right of Way

On September 25, 2024, County posted five sites on Binford Road with a 15-Day Notice advising individuals that tents and structures in the public right-of-way would be removed for violating Marin County Code.  Thompson Declaration (Dkt. No. 14), at ⸿ 9.  The Notice further advised that County would store any personal property that is non-hazardous and non-perishable for ninety days.  *Id.* Each of the five sites posted with a notice was either a tent or a makeshift structure located in the public right-of-way on Binford Road, including Plaintiff's structure.  *Id.*

## III.   RELEVANT PROCEDURAL HISTORY

On October 8, 2024, Plaintiff filed an *ex parte* motion for a temporary restraining order and preliminary injunction ostensibly to prevent Defendants from removing his tent/structure from Binford Road (Dkt. No. 3).[1]  Defendants filed opposition to the motion on October 10, 2024 (Dkt. No. 13).

On October 11, 2024, the Court denied the Motion (Dkt. No. 15).

## IV.   LEGAL ARGUMENT

### A.   The Complaint Should Be Dismissed Pursuant to FRCP 12(b)(1) for Lack of Subject Matter Jurisdiction.

This Court lacks subject matter jurisdiction for at least two reasons:  First, the allegations in the Complaint are moot since Plaintiff has voluntarily agreed to remove his tent/structure from Binford Road.  Second, there are no allegations demonstrating an imminent injury in fact because the Complaint is premised on a hypothetical scenario that has not occurred.  Both reasons provides a separate and independent basis for this Court to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1), as discussed in greater detail below.

#### 1.   *The Complaint is Moot Because Plaintiff Has Voluntarily Agreed to Remove his Tent/Structure from Binford Road.*

---

[1] Plaintiff is a party to another lawsuit against County related to Binford Road, which is currently pending in this Court. *Silveria v. Marin County Sheriffs Department*, Case No. 24-cv-03181-AMO. County moved to dismiss this action pursuant to FRCP 12(b)(6). *See* Dkt. No. 20.  A hearing on the Motion is scheduled to be heard on January 30, 2025.

The Complaint alleges that County planned to remove Plaintiff's tent/structure from Binford Road on October 10, 2024.  However, as discussed at the hearing on October 11, 2024, on Plaintiff's motion for a temporary restraining order and/or preliminary injunction, County never intended to remove Plaintiff's tent/structure, and the notice was intended to provide notice to Plaintiff (and all others illegally camping on Binford Road), that County would begin enforcing its ban on camping on public property after October 10th.  The planned enforcement is necessary to prevent accidents involving vehicles on the busy public road.  Accordingly, County's goal is for people camping on Binford Road to voluntarily relocate to another location to avoid County having to take further enforcement action, such as issuing citations and/or seeking a warrant from the superior court to remove their property.  Indeed, since posting the notice, most people have voluntarily removed their tents from Binford Road.

Although Plaintiff filed the instant action, he too has voluntarily removed his tent/structure from Binford Road since the hearing on October 11th.  On October 30, 2024, County's contractor assisted Plaintiff (with Plaintiff's permission) to remove the structure, and Plaintiff is no longer camping on Binford Road in violation of Marin County Code.  In other words, even accepting the allegations in the Complaint as true, there is no longer a threat that Plaintiff's personal property will be removed because he has voluntarily removed it.  Simply stated, the lawsuit is moot.

"A case becomes moot – and therefore no longer a "Case" or "Controversy" for purposes of Article III – 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)).  "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute, 'is no longer imbedded in any actual controversy about the plaintiffs' particular legal rights.'" *Id.* (quoting *Alvarez v. Smith*, 558 U.S. 87, 92 (2009)); *see also Am. Diabetes Assoc. v. United States Dep't of the Army*, 938 F.3d 1147, 1152 (9th Cir. 2019).

Here, there is no longer a case or controversy for this Court to decide because Plaintiff has voluntarily removed his tent/structure from Binford Road.  Although the parties apparently dispute whether Plaintiff has a constitutional right to camp on public property, there is nothing for this Court to decide at this juncture.  Even assuming Plaintiff had a colorable argument to pursue his procedural due

4

process or substantive due process claims against County related to camping on public property (which he did not), these claims are now moot.

### 2.    The Claimed Injury Is Hypothetical and Not Imminent.

Even if the issues alleged in the Complaint were not moot (which they are), Plaintiff cannot demonstrate that he has suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," which are necessary elements to demonstrate Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). As the party involving federal jurisdiction, Plaintiff bears the burden of establishing these elements based on clearly alleged facts, even at the pleading stage. *Id.*

"Imminence" for Article III standing purposes means that a claimed *threatened* injury must be "*certainly* impending." *Clapper v. Amnesty International USA*, 568 U.S. 398, 409 (2013). However, allegations of possible future injury are insufficient. *Id.* Article III standing is similarly lacking where the alleged harm depends on the occurrence of "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. U.S.*, 523 U.S. 296, 300 (1998) (discussing the similar concept of ripeness).

As discussed above, the allegations in the Complaint relate to the *planned* removal of Plaintiff's tent/structure from Binford Road, which Plaintiff contends violate various constitutional rights, but the *planned* removal has not occurred. Moreover, to the extent Plaintiff alleges – or appears to allege – that the planned removal of personal property violates the Fourth Amendment or will be conducted without due process, this Court already addressed those concerns during the hearing on October 11th. Specifically, this Court noted that County's proposed plan to seek a warrant from the superior court to remove personal property provides adequate due process and does not violate the Fourth Amendment. Since County has not taken any action, other than posting a notice that it intends to enforce Marin County Code with respect to camping on public property, there are no facts alleged in the Complaint demonstrating that an imminent constitutional violation is "certainly impending."

Accordingly, the Court lacks subject matter jurisdiction because there is no imminent injury in fact that is likely to occur. Plaintiff's allegations are premised on the mistaken notion that County intends to remove his personal property without consent or a warrant, but there are insufficient facts to

5

demonstrate that this action is more than mere speculation or conjecture.  Since Plaintiff has *voluntarily* removed his property from Binford Road and is no longer camping in violation of Marin County Code, the claimed action is even more remote.

### B.    The Complaint Should Be Dismissed Pursuant to FRCP 12(b)(6) For Failure to State a Claim.

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim when a complaint lacks either "a cognizable legal theory" or "sufficient facts alleged" under such a theory.  *Godecke v. Kinetic Concepts, Inc.,* 937 F.3d 1201, 1208 (9th Cir. 2019).  Whether a complaint contains sufficient factual allegations depends on whether it pleads enough facts to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss, the court may review documents incorporated by reference into the complaint and judicially noticed documents.  *U.S. v. Richie*, 342 F.3d 903, 908 (9th Cir. 2003; *see also* Fed. R. Civ. Proc. 10(c).  Where judicially noticeable documents or documents referenced in the complaint conflict with conclusory allegations in the complaint, the Court should ignore the conflicting allegations of the complaint.  *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998).  However, the court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 663.  "Determining whether a complaint states a plausible claim for relief . . . [is] a context specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

#### 1.    The Procedural Due Process and Substantive Due Process Claims Fail as a Matter of Law.

Although not entirely clear, Plaintiff appears to argue that he is entitled to procedural due process before terminating his ERF benefits.  The flaw in Plaintiff's argument is that he is not entitled to any "benefits" under the ERF grant program.  Rather, the grant is from the State of California *to County* to

6

provide financial assistance for County to address homelessness on Binford Road.  The grant does not provide Plaintiff any "special" benefits, and he will not lose any services that he would have otherwise been entitled to, whether he remains on Binford Road or not.  Accordingly, Plaintiff is not entitled to procedural due process for benefits that never existed.  Plaintiff has failed to identify any specific benefit or entitlement that he claims has been terminated.

To state a procedural due process claim, plaintiff must establish that he had a protected property interest and that they were denied this property right without the process which was due under the circumstances.  *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 576 (1972).  However, "the range of interests protected by procedural due process is not infinite."  *Id.* at 570.  "The Fourteenth Amendment's procedural protection of property is a safeguard of the security interests that a person has already acquired in specific benefits."  *Id.* at 576.  "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it."  *Id.*

Such entitlements are not created by the Constitution but are instead "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law."  *Town of Cast Rock v. Gonzales*, 545 U.S. 748, 756 (2005); *Ulrich v. City and County of San Francisco*, 308 F.3d 968, 975 (2002); *see also Parks v. Watson*, 716 F.2d 646, 656 (9th Cir. 1983) ("A property interest in a benefit protected by the due process clause results from a 'legitimate claim of entitlement' created and defined by an independent source, such as state or federal law.")  A benefit is "not a protected entitlement if government officials may grant or deny it in their discretion."  *Gonzales*, 545 U.S. at 756; *see also* Ulrich, 308 F.3d at 976 ("No constitutionally protected property interest can exist in the outcome of a decision 'unmistakably committed . . . to the discretion of the public entity.'")

Here, the benefits Plaintiff claims he is entitled to are continued access to the Downtown Streets Team and to portable bathrooms on Binford Road.  Even assuming these are benefits that Plaintiff has a "legitimate claim of entitlement" to, there are no factual allegations in the Complaint demonstrating that he is being denied access to them.  Rather, as discussed during the hearing on October 11th, Plaintiff will continue to have access to his assigned social worker with Downtown Streets, which is County's sub-contractor, and he is free to continue using the portable bathrooms and handwashing stations that

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**
Case No.: 24-cv-07047-TLT (AMO)

have been provided at Binford Road.  However, Plaintiff does not have a legitimate claim of entitlement to continue camping on Binford Road in a tent or structure because the danger to the residents at Binford Road and the surrounding community is too great.  Plaintiff has not identified any legitimate right or property interest to continue (illegally) camping on public property.  The mere fact that County has tolerated Plaintiff's structure on Binford Road does not create an entitlement to continued non-enforcement of Marin County Code, particularly where, as here, additional campers have been showing up at Binford Road, further increasing the density in the narrow shoulder of the roadway and the likelihood that a serious accident could occur.  Thus, to the extent Plaintiff claims that he is "entitled" to camp illegally on County' property, his claim fails.

### 2.     The State Created Danger Claim Fails as a Matter of Law.

Plaintiff's state created danger claim also fails because there are no "particular allegations" demonstrating that County affirmatively placed Plaintiff in an "inherently dangerous situation" beyond than those "generalized dangers of living on the street."  *See Cobine v. City of Eureka*, 250 F.Supp.3d 423, 433 (N.D. Cal. 2017).  Accordingly, the Complaint does not contain sufficient facts to state a cognizable cause of action.

The Ninth Circuit recognizes liability under substantive due process where government action places a person in a situation of known danger with deliberate indifference to their personal or physical safety.  *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1062 (9th Cir. 2006).  To prevail under a state created danger theory, a plaintiff must show (1) there was "affirmative conduct on the part of the state in placing the plaintiff in danger" and (2) the state acted with "deliberate indifference" to a "known or obvious danger."  *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011).

The Ninth Circuit has permitted claims under the state created danger theory only when the state actor played a significant role in creating the dangerous situation.  *See Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1084 (9th Cir. 2000) (holding police officers could be held liable for the death of a visibly drunk patron from hypothermia they had ejected from a bar on an extremely cold night without warm clothing); *Penilla v. City of Huntington Park*, 115 F.3d 707, 708 (9th Cir. 1997) (holding a state created danger claim was viable against police officers who cancelled a request for paramedics after finding a man in grave need of medical care); *L.W. v. Grubbs*, 974 F.2d 119, 120 (9th Cir. 1992)

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**
Case No.: 24-cv-07047-TLT (AMO)

(holding state employees could be liable for the rape of a registered nurse assigned to work alone with a known, violent sex-offender); *Wood v. Ostrander*, 879 F.2d 583, 586 (9th Cir. 1989) (holding state could be liable for the rape of a woman that a police officer had left stranded in a known high-crime area late at night).

In contrast, courts have consistently rejected claims like the one at bar.  For example, in *Cobine v. City of Eureka*, the district court ruled that unhoused individuals had not stated a plausible claim based on allegations the city's forced eviction from a homeless encampment and prohibition against residing in their own tents on public land caused them to reside and sleep "on the street in unfamiliar areas, and without the support of the community, reder[e]d them vulnerable to assault, theft, harassment, and worse."  *Cobine*, 250 F.Supp.3d at 433.  Rather, the court dismissed the claims because there were no "particular allegations" that the state action "put the Plaintiffs in an inherently dangerous situation, [and] the Court is bound to find that the generalized dangers of living on the street preexisted Plaintiffs' relocation from the [homeless encampment].  *Id.* at 433.

In another case, the district court rejected a state-created danger claim concerning unhoused individuals because the plaintiffs had not "sufficiently alleged well-pleaded facts plausibly suggesting that the City has taken the type of affirmative steps to place an individual in a known and likely danger to satisfy the deliberate indifference standard . . . [a]dditionally, the difficulties the homeless individuals camping at the temporary campground may face are largely identical to those they would face while camping elsewhere in the City." *Hous. is a Hum. Right Orange Cnty. v. Cnty. of Orange*, No. 19-cv-388, 2019 WL 6481311, at *12 (C.D. Cal. Aug. 12, 2019); *see also Wills v. City of Monterey*, 617 F.Supp.3d 1107, 1124 (N.D. Cal. 2022) (rejecting state-created danger claim based on enforcement of municipal code section prohibiting camping because it did not expose plaintiff "to a danger which she would not have otherwise faced."); *Reed v. City of Emeryville*, 568 F.Supp.3d 1029, 1039-40 (N.D. Cal. 2021) (rejecting state created-danger claim based on allegations that congregate shelter setting would exacerbate the plaintiffs' mental health impairments because city did not place defendants in a more dangerous situation than they had been in).

Here, there are insufficient factual allegations demonstrating that County has placed Plaintiff in a more dangerous situation than he would have otherwise been in.  Indeed, County has not taken *any*

9

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**
Case No.: 24-cv-07047-TLT (AMO)

action whatsoever other than posting notice that County will begin enforcing its no camping ordinance. The factual allegations in the Complaint are insufficient to state a claim for state created danger, even assuming County had actually removed Plaintiff from Binford Road, which it has not. Simply stated, this cause of action is insufficient as a matter of law.

## V.    CONCLUSION

Based on the foregoing, County respectfully requests that this Court grant the motion to dismiss the Complaint and each cause of action alleged therein.

Dated:  November 6, 2024

OFFICE OF THE COUNTY COUNSEL
COUNTY OF MARIN


  /s/ Jacy C. Dardine  _____
Jenna Brady
Jacy C. Dardine
Attorneys for Defendants
MARIN COUNTY SHERIFF'S OFFICE,
MICHAEL THOMPSON, and
COUNTY OF MARIN

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**
Case No.: 24-cv-07047-TLT (AMO)